895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William WESLEY, Plaintiff-Appellant,
v.
George WILSON, Richard Seiter, Defendants-Appellees.
 No. 89-3416.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1990.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 William Wesley, an Ohio prisoner proceeding pro se, appeals the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Wesley alleged that he had been wrongfully denied classification to the least restrictive custody classification available to Ohio prisoners. Wesley claimed to be eligible for Minimum, Level 1 status but for Ohio's discriminatory and arbitrary policy of not allowing the classification to assaultive sex offenders.
 
 
 4
 The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). It is from that dismissal that Wesley appeals.
 
 
 5
 Upon review, we find no error. The complaint was properly dismissed as being frivolous. A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). Claims which lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist.
 
 
 6
 Wesley claims the infringement of a legal interest which clearly does not exist. There is no inherent constitutional right to enjoy a particular security classification, Montayne v. Haymes, 427 U.S. 236, 242 (1976), and Ohio law does not confer upon its prisoners a constitutionally protected liberty interest to any particular custody classification. Ohio Rev.Code Sec. 5120.11; Ohio Admin.Regs. Secs. 52120-9-21; -52; -53.
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation